# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTOPHER A. LEE,**
                **Plaintiff,**

**-vs-**                               **Case No. 6:07-cv-621-Orl-18DAB**

**STATE,**
                **Defendant.**
_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **April 17, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    In order to proceed *pro se*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817

F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

As pled, Plaintiff sets forth no cognizable claim or ground for relief. Although Plaintiff has named the "State" as a party[1], the cause of action, as described by Plaintiff, is unclear. Plaintiff asserts that in February 2006 he was arrested and charged with grand theft of an air conditioner frame. Doc. No. 1 at 2. He was arrested again on April 10, 2007 for failure to appear and bail was set at $10,000; he is currently out on bond. *Id*. Plaintiff seeks this Court's review of his arrests. *Id*. Assuming that he wishes to challenge or feels aggrieved by these state court criminal proceedings, Plaintiff's remedy must be sought in the first instance in the state courts.

Because Plaintiff may be attempting to raise some other issue, it may be possible to amend the Complaint to set forth a claim within the limited jurisdiction of the Court, it is **recommended** that the motion be **denied, without prejudice to reconsideration** and the Complaint be **dismissed,** with leave to amend within 11 days of any Order adopting this Report and Recommendation. Plaintiff is admonished that, if this Recommendation is adopted, failure to respond timely and appropriately may result in the termination of his litigation.

Recommended in Orlando, Florida on April 18, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]The Complaint actually lists "State" as Plaintiff and "Christopher A. Lee" as Defendant. Doc. No. 1.

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy